AT CORYDON, DECEMBER TERM, 1817, IN THE SECOND YEAR OF THE
STATE.

---

## MEMORANDA.

IN the course of the preceding vacation, the Honourable *John Johnson*, one of the judges of this Court, died at his residence in the county of *Knox*, universally esteemed as an honest man, and as an independent, intelligent judge.

In the same vacation, *Isaac Blackford*, esquire, was appointed one of the judges of this Court, to supply the vacancy occasioned by the decease of the Honourable *John Johnson.*—Judge *Blackford* took his seat on the first day of this term.

---

## AVERIL *v.* DICKERSON.

An appeal bond must be proved to have been executed in the clerk's office of
the Court below.

APPEAL from the *Switzerland* Circuit Court.—The appellee moved the Court to dismiss this case, because it was not shown, that the appeal bond had been executed in the clerk's office of the Circuit Court.

*Thursday, December 4.*

HOLMAN, J.—The statute requires the bond to be *given* in the

clerk's office of the Court from which the appeal is prayed. We are of opinion, that according to a fair construction of the act, the appeal bond must not only be *filed* in the clerk's office, but must be actually *executed* there, in the presence of the clerk, or of one of his deputies. In thus deciding, we are supported by a decision of the Court of Appeals in *Kentucky*, in the construction of a similar statute. *Hardin* v. *Owings*, 1 Bibb, 214.

In this case, the appellant, upon whom the burthen of proof lies, has produced no evidence of the execution of the bond in the clerk's office of the Circuit Court, in conformity to the provisions of the act of assembly, and the case must therefore be dismissed (1).

*Per Curiam.*—This suit is dismissed, with costs.

*Kidder*, for the appellant.

*Lane*, for the appellee.

(1)   Ind. Stat. 1816, p. 7.—Acc. Ind. Stat. 1823, p. 131.